IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JESUS DEJESUS-GONZALEZ,  :  Civil No. 3:23-cv-1347
　　　　　　　　　　　　　　:
　　　　　　Plaintiff　　　　　:  (Judge Mariani)
　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　 :
　　　　　　　　　　　　　　:
J. FRANKLIN, SUPERINTENDENT :
RANSOM,　　　　　　　　　　:
　　　　　　　　　　　　　　:
　　　　　　Defendants　　　 :

FILED
SCRANTON
SEP 01 2023
PER_____
DEPUTY CLERK

**MEMORANDUM**

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Plaintiff Jesus DeJesus-Gonzales ("Plaintiff"), an inmate who was housed, at all relevant times, at the State Correctional Institution, Dallas, Pennsylvania ("SCI-Dallas"). (Doc. 2). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 9). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the motion to proceed *in forma pauperis* will be granted for the sole purpose of the filing of the action and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    Allegations of the Complaint**

Plaintiff alleges that on June 23, 2022, he was transferred to the Restricted Housing Unit at SCI-Dallas and, when he received his property, his television was missing. (Doc. 2). He states that prison officials failed to locate his missing television. (*Id.*). Plaintiff filed a

grievance related to his lost television and pursued the matter through all levels of review. (*Id.*). Ultimately, his grievance was dismissed. (*Id.*).

On the basis of these facts, Plaintiff filed the instant action seeking "pay[ment] for [his] T.V. also pay[ment] for everyday [he] had to go without [his] T.V." (*Id.* at p. 5).

## II. Legal Standards

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

### III. Discussion

Plaintiff is alleging a Fourteenth Amendment claim for deprivation of property without due process. However, his claim is not actionable under 42 U.S.C. § 1983 and his due process claim arising out of the loss and/or confiscation of his personal property fails. *See Coulson v. Mooney*, 2015 WL 1034632 (M.D. Pa. 2015) (dismissing complaint on screening because the plaintiff had an adequate post-deprivation remedy to address his claim that his cellmate deliberately destroyed his television and other personal property). It is clear that "negligent deprivations of property do not violate the Due Process Clause" and "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Where an adequate post-deprivation remedy exists, a plaintiff cannot recover for a due process violation even if the deprivation was intentional or "effected through random and unauthorized conduct." *Hudson*, 468 U.S. at 533. Similarly, meaningful post-deprivation remedies provide sufficient due process for negligent deprivations of property. *See Parratt v. Taylor*, 451 U.S. 527, 530, (1981), *overruled on*

5

*other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). In regard to Pennsylvania inmates, the Third Circuit has clarified that the Department of Corrections' ("DOC") administrative grievance process constitutes an adequate post-deprivation remedy. *See Tillman v. Lebanon County Correctional Facility*, 221 F.3d 410, 422 (3d Cir. 2000). Additionally, "the failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Gordon v. Vaughn*, 1999 WL 305240 (E.D. Pa. May 12, 1999) (citing *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995)).

Plaintiff makes clear in his complaint that he availed himself of the administrative grievance process by filing a grievance for his missing television. Even though Plaintiff's grievance was not resolved in his favor, the fact remains that a post-deprivation remedy process existed. *See Rambert v. Beard*, No. 4:09-cv-0634, 2012 WL 760619, at *13 (M.D. Pa. Mar. 7, 2012) ("[T]he existence of this post-deprivation remedy forecloses any due process claim, even if an inmate is dissatisfied with the result of the process." (citations omitted)). Accordingly, because Plaintiff had the full ability to grieve the deprivation of his property, his due process claim will be dismissed for failure to state a claim.

Moreover, Plaintiff has another post-deprivation remedy, namely a state conversion action. Thus, even if the prison grievance procedure were constitutionally inadequate, Plaintiff could take advantage of state tort law which may serve as an adequate post-deprivation remedy. *See* 42 Pa. Cons. Stat. § 8522(a), (b)(3); *see Crosby v. Piazza*, 2012

6

WL 641938 (3d. Cir. 2012) (holding that to the extent an inmate "is dissatisfied with the outcome of the administrative process, he may still file a state court tort action"); *Reavis v. Poska*, 2010 WL 2511379 (W.D. Pa. 2010) ("Plaintiff, cannot as a matter of law, make a claim under the Fourteenth Amendment for a deprivation of property without due process" because the DOC's "internal grievance procedure and the availability of a state tort suit in state court provide adequate post deprivation remedies.").

To the extent that Plaintiff is raising an Eighth Amendment claim, the purported loss or destruction of his property does not provide a basis for a claim under the Eighth Amendment. Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious" such that a "prison official's act or omission…result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases…is one of deliberate indifference to inmate health or safety." *Id.* While the Court does not condone the loss of an inmate's property, the loss of property does not equate to a sufficiently serious deprivation that would give rise to a claim under the Eighth Amendment. *See Payne v. Duncan*, No. 3:15-cv-1010, 2017 WL 542032, at *9 (M.D. Pa. Feb. 9, 2017) ("Plaintiff's claim for destruction of property under the Eighth Amendment does not constitute a deprivation of life's necessities."), *aff'd*, 692 F. App'x 680

7

(3d Cir. 2017); *Dean v. Folino*, No 11-cv-525, 2011 WL 4527352, at *3 (W.D. Pa. Aug. 22, 2011) (allegations regarding destruction of property did not state Eighth Amendment claim), *report and recommendation adopted*, No. 11-cv-525, 2011 WL 4502869 (W.D. Pa. Sept. 28, 2011).

## IV.    Conclusion

For the foregoing reasons, the Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Hernandez v. Corr. Emergency Response Team*, 771 F. App'x 143, 144 (3d Cir. 2019) (*per curiam*) (affirming dismissal of amended complaint where inmate "alleged in his complaint that when he and all other prisoners were moved from SCI-Graterford to SCI-Phoenix, many prisoners' possessions were destroyed or damaged, including his legal materials").[1]

A separate Order shall issue.

Robert D. Mariani
United States District Judge

---

[1] Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant a plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff's claim for relief is not cognizable in a complaint brought pursuant to 42 U.S.C. § 1983, and he has meaningful state court remedies if he is unhappy with the prison's grievance process, granting leave to amend would be futile.

Dated: August 31, 2023